1
2
3
4
5
6
7
8

### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HORACIO ANGULO, JR. AND TIFFANY M. ANGULO | ) ) ) | NO. 1:09-CV-877-AWI-SMS |
| Plaintiffs, | ) ) ) | ORDER GRANTING DEFENDANT COUNTRYWIDE HOME LOANS, INC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED |
| v. | ) ) ) | |
| COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1 TO 100, INCLUSIVE. | ) ) ) ) ) | (Document #15) |
| Defendants. | ) ) ) ) ) | |

### HISTORY[1]

On October 23, 2006, Plaintiffs Tiffany Angulo and Horacio Angulo (collectively,

"Plaintiffs") financed a mortgage loan on property located at 227 South Stevenson Court, Visalia,

California ("Subject Property"), with First Magnus Financial Corporation ("First Magnus"), who

is not a party to this action.  The loan was later assigned to Defendant Countrywide Home Loans,

Inc. ("CHL").  Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1  beneficiary under Plaintiffs' Deed of Trust.[2]  Plaintiffs defaulted on the loan and the non-judicial
2  foreclosure process was initiated.

3          On April 1, 2009, Plaintiffs filed suit in the Superior Court of California, County of
4  Tulare.  On May 18, 2009, Defendant CHL removed the action to the Eastern District of
5  California.  On July 24, 2009, Plaintiffs filed a First-Amended Complaint.  Plaintiffs allege
6  causes of action for: (1) violation of the Truth in Lending Act ("TILA")-Rescission; (2) violation
7  of TILA- Statutory Damages; (3) violation of the Federal Fair Debt Collection Practices Act
8  ("FDCPA"); and (4) violation of California Business & Professions Code § 17200 ("UCL").  The
9  first-amended complaint seeks declaratory relief, injunctive relief, and attorney's fees.

10         CHL now moves to have the case dismissed for failure to state a claim.

11         Plaintiffs have neither filed an opposition nor a notice of non-opposition.

12         On September 24, 2009, the court took the matter under submission without oral
13  argument.

14                                    **LEGAL STANDARD**

15         Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the
16  plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A
17  dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the
18  absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside
19  Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th
20  Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken
21  as true and construed in the light most favorable to the non-moving party.  Marceau v. Balckfeet
22  Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir.
23  1999).  The Court must also assume that general allegations embrace the necessary, specific facts
24  to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004);

25

26          [2]It is not apparent whether MERS has been served with the Summons and First-Amended
27  Complaint because Plaintiffs did not file a proof of service.

28                                            2

1  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not

2  required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact,

3  or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir.

4  2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may

5  provide the framework of a complaint, legal conclusions are not accepted as true and

6  "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements,

7  do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox

8  Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Furthermore, Courts will not

9  assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have

10  violated . . . laws in ways that have not been alleged."  Associated General Contractors of

11  California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the

12  Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

17  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, to "avoid a Rule 12(b)(6) dismissal,

18  "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

19  is plausible on its face."  Iqbal, 129 S.Ct. at 1949; see Twombly, 550 U.S. at 570; see also Weber

20  v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial

21  plausibility when the plaintiff pleads factual content that allows the court draw the reasonable

22  inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial

3

experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Further, under the "incorporation by reference" doctrine, courts may review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000).  The "incorporation by reference" doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  Knievel, 393 F.3d at 1076 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

4

**DISCUSSION**

The basis of Plaintiffs' suit is their contention that First Magnus, the original lender, failed to provide copies of their TILA disclosure statement, Notices of Right to Cancel ("NRC") and various other disclosures.  See First-Amended Complaint ("FAC") ¶21.

I.      First Claim for Relief under TILA-Rescission

Plaintiffs allege that they are entitled to rescission of their loan because Defendants failed to provide accurate material disclosures.  See Complaint ¶38.  CHL contends that Plaintiffs signed the relevant loan documents and TILA disclosures, which evidences Plaintiffs' receipt of the documents.[3]  CHL also argue that Plaintiffs cannot rescind their loan because they have not alleged their ability to tender the unpaid loan proceeds.  Relying on Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003), CHL argues that this court should condition rescission on tender by Plaintiffs of the loan proceeds and require Plaintiffs to allege and prove their ability to repay the loan.

In Yamamoto, the Ninth Circuit held that "in applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'"  329 F.3d at 1171.  As explained in Yamamoto, the rescission provision of TILA, 15 U.S.C. §1635(a), and implementing regulation 12 C.F.R. § 226.23,

---

[3]CHL requests that this court take judicial notice of several documents, including a TILA disclosure and a Notice of Right to Cancel, both of which appear to bear the Plaintiffs' signatures.  See Judicial Request Ex. C and D.  In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  A court, however, may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  Here, Plaintiffs are challenging the authenticity of the loan documents because they allege that they did not receive the documents.  Therefore, this court is unable take judicial notice of the TILA form or the Notice of Right to Cancel.

CHL's request that the court take judicial notice of the Deed of Trust and Notice of Default, is granted.  "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record."  See Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Deed of Trust and Notice of Default are matters of public record.  As such, this court may consider these foreclosure documents.  Moreover, no objection by Plaintiffs have been made.

provides that the borrower is not liable for any finance or other charge, and that any security interest becomes void upon such a rescission. The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property.

329 F.3d at 1170. The Ninth Circuit held that the "statute need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds." Id. at 1171.

CHL is correct in that a district court has discretion to condition rescission on tender. The court, however, is not persuaded by CHL's suggestion that Plaintiffs are required to prove their ability to tender the unpaid loan proceeds at this procedural stage. In Yamamoto, the defendant mortgagee moved for summary judgment based on plaintiffs' deposition testimony that "they could not fulfill TILA's tender requirement." Id. at 1168. The district court then provided plaintiffs an additional 60 days to make a showing that they were in a position to tender the proceeds upon rescission. When the plaintiffs were unable to make the requisite evidentiary showing, the court granted summary judgment in favor of the mortgagee even though the court concluded that there were genuine issues of material fact as to whether plaintiffs received the proper TILA disclosures.

Here, on the present motion to dismiss, the court declines to require Plaintiffs to make an evidentiary showing that they are able tender the proceeds of the loan. At the pleading stage, this is not required. The Plaintiffs, however, cannot state a claim for rescission under TILA without at least alleging that they are financially capable of tendering the loan proceeds. See Farmer v. Countrywide Financial Corp., 2009 WL 1530973, at *5 (C.D. Cal. May 18, 2009) (granting defendant's motion to dismiss because plaintiffs did not allege that they had tendered or were financially capable of tendering the loan's principal balance); Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995, at *3 (N.D. Cal. Apr. 8, 2009) (dismissing TILA claim because plaintiffs did not allege that they would be willing to repay what they borrowed); Garza v. American Home

6

1  Mortg., 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (granting defendant's motion to dismiss

2  TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission

3  is an empty remedy without [plaintiff]'s ability to pay back what she has received.").  Because

4  Plaintiffs do not allege that they have tendered or are financially capable of tendering the principle

5  of their loan minus the appropriate interest and fees, their rescission claim fails.  This claim is

6  dismissed with leave to amend to allege, subject to Rule 11(b) requirements, that Plaintiffs have

7  the ability to tender and pay back what they have received.[4]

8      Accordingly, CHL's motion to dismiss is granted as to Plaintiffs' first claim for rescission

9  under TILA.

10     II.     Second Claim for Relief under TILA- Statutory Damages

11     Plaintiffs request statutory damages for Defendants' alleged failure to comply with all the

12 necessary TILA disclosures provisions.  CHL contends that Plaintiffs' request for damages arising

13 out of the original loan transaction is time-barred by 15 U.S.C. §1640(e).

14     TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms

15 dealing with things like finance charges, annual percentage rates of interest, and the borrower's

16 rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).  The failure to satisfy TILA's

17 requirements subjects a lender to "statutory and actual damages [that are] traceable to a lender's

18 failure to make the requisite disclosures."  Id. (citing 15 U.S.C §1640).  There is a one-year statute

19 of limitations period in which to file an action for such damages.  See 15 U.S.C. § 1640(e); Beach,

20 523 U.S. at 412.  The one-year limitations period of "[15 U.S.C. §] 1640(e) runs from the date of

21 consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate

22

23     ————————————

24     [4]Additionally, to the extent that Plaintiffs' loan transaction is considered a "residential
   mortgage transaction" as defined in 15 U.S.C. § 1635(e), a right to rescind is not appropriate as a

25 matter of law.  TILA excepts four transactions from the general right to rescind, including
   "residential mortgage transactions," which are financing agreements arising from the acquisition

26 or initial construction of a home.  15 U.S.C. § 1635(e); Barrett v. JP Morgan Chase Bank, N.A.,
   445 F.3d 874, 879 (6th Cir. 2006).  As such, if Plaintiffs' loan transaction is in fact a residential
   mortgage transaction, then the claim would be dismissed without leave to amend.

27

28                                        7

1 circumstances, suspend the limitations period until the borrower discovers or had reasonable

2 opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." <u>King</u>

3 <u>v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). "Consummation" is defined as "the time that a

4 consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13);

5 <u>Grimes v. New Century Mortg. Corp.</u>, 340 F.3d 1007, 1009 (9th Cir. 2003).

6       Plaintiffs did not file this TILA action within one-year of the loan closing.  The loan

7 closed on October 23, 2006, and Plaintiffs are nearly over two years beyond the one-year

8 limitations period.  Dismissal is appropriate.  <u>See</u> 15 U.S.C. § 1640(e); <u>Beach</u>, 523 U.S. at 412;

9 <u>King</u>, 784 F.2d at 915.  Since Plaintiffs did not file an opposition or response of any kind, and the

10 Complaint is silent on this point, it is unclear whether equitable tolling would be appropriate.

11 <u>King</u>, 784 F.2d at 915.  Further, it is unknown whether Plaintiffs attempted to rescind prior to July

12 2009.  Because of this uncertainty, the Court will dismiss the claim with leave to amend in order

13 for Plaintiffs to show that their TILA claim is timely.  <u>See King</u>, 784 F.2d at 915; <u>Toscano v.</u>

14 <u>Ameriquest Mortg. Co.</u>, 2007 U.S. Dist. LEXIS 81884, *12-*15 (E.D. Cal. Oct. 23, 2007).

15       III.    <u>Third Claim for Relief-FDCPA</u>

16       "To be liable for a violation of the FDCPA or the RFDCPA, the defendant must-as a

17 threshold requirement-be a "debt collector" within the meaning of the Acts." <u>Putkkuri v.</u>

18 <u>Reconstruct Co.</u>, 2009 WL 32567, at *7 (S.D. Cal. Jan. 5, 2009).  Plaintiffs generally allege that

19 CHL is a creditor as the term is defined under §1602(f) and that CHL has attempted to collect a

20 purported debt.  <u>See</u> FAC ¶6, 26.  CHL contends that it is not a debt collector within the meaning

21 of the FDCPA.

22       The FDCPA only applies to "debt collectors."  <u>See</u> 15 U.S.C. § 1692a(6); Cal. Civ. Code §

23 1788.2(c); <u>Putkkuri,</u> 2009 U.S. Dist. LEXIS 32 at *7; <u>Izenberg v. ETS Servs., LLC</u>, 589

24 F.Supp.2d 1193, 1198-99 (C.D. Cal. 2008).  "[T]he law is well-settled… that creditors,

25 mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt

26 from liability under the FDCPA."  <u>Nera v. Am. Home Mortg. Servicing, Inc.</u>, 2009 U.S. Dist.

27

28                  8

1 LEXIS 68515, *9 (N.D. Cal. Aug. 4, 2009); <u>Costantini v. Wachovia Mortg. FSB</u>, 2009 U.S. Dist.

2 LEXIS 53669, *7-*8 (E.D. Cal. June 23, 2009); <u>Hepler v. Washington Mut. Bank, F.A.</u>, 2009

3 U.S. Dist. LEXIS 33883, *11 (C.D. Cal. Apr. 17, 2009); <u>Scott v. Wells Fargo Home Mortg. Inc.</u>,

4 326 F.Supp.2d 709, 718 (E.D. Va. 2003).  A "debt collector" as defined by the FDCPA

5 "specifically excludes creditors and mortgage servicers.  15 U.S.C. §1692a(6)(f)."  <u>Pineda v.</u>

6 <u>Saxon Mortg. Servs.</u>, 2008 WL 5187813 at *3 (C.D. Cal. Dec. 10, 2008).  Lastly, "the law is clear

7 that foreclosing on a property pursuant to a deed of trust is not a debt collection within the

8 meaning of the RFDCPA or the FDCA."  <u>Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing</u>

9 <u>Co.</u>, 2009 U.S. Dist. LEXIS 19613, *11 (N.D. Cal. Mar. 12, 2009); <u>see</u> <u>Tapia v. Aurora Loan</u>

10 <u>Servs., LLC</u>, 2009 U.S. Dist. LEXIS 82063, *5-*6 (E.D. Cal. Aug. 25, 2009); <u>Ricon v. Recontrust</u>

11 <u>Co.</u>, 2009 U.S. Dist. LEXIS 67807, *9 (S.D. Cal. Aug. 4, 2009); <u>Izenberg</u>, 589 F.Supp.2d at 1199;

12 <u>Hulse v. Ocwen Fed. Bank, FSB</u>, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).

13    As a lender, CHL is not liable under the FDCPA, because it is not a debt collector for

14 purposes of the FDCPA.  CHL has only sought to collect on a debt owed to itself.  Plaintiffs have

15 not alleged that CHL is collecting consumer debts owed to another.  Nor have Plaintiffs indicated

16 any valid exception in the FDCPA, under which CHL is liable.

17    Accordingly, Plaintiffs' third cause of action is therefore dismissed, but with leave to

18 amend, as it is not clear amendment would be futile.

19    IV.   <u>Fourth Claim for Relief-UCL</u>

20    Plaintiffs base their UCL claim on the grounds that Defendants have violated TILA,

21 FDCPA, "the contract between the parties, and Defendants' alleged fiduciary duties."  <u>See</u> FAC

22 ¶¶58, 60, 63.  CHL argues that Plaintiffs failure to state any underlying TILA or FDCPA claims is

23 fatal to Plaintiffs' UCL claim.  CHL also argues that Plaintiffs have not alleged the existence of

24 contract between themselves and CHL, nor have Plaintiffs alleged specifically which terms or

25 provisions of the alleged contract were breached.  Lastly, CHL argues that Plaintiffs' claim for

26 breach of fiduciary duty is not cognizable because a fiduciary duty does not exist between CHL

27

28                9

1    and Plaintiffs.

2        Under the UCL, "unfair competition" means "and includes any unlawful, unfair or

3    fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any

4    act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the

5    Business and Professions Code." Cal. Bus. & Prof. Code § 17200.  "In essence, an action based

6    on Business and Professions Code § 17200 to redress an unlawful business practice 'borrows'

7    violations of other laws and treats these violations, when committed pursuant to business activity,

8    as unlawful practices independently actionable under section 17200 et seq. and subject to the

9    distinct remedies provided thereunder." Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377, 383

10   (1992).  In other words, a "defendant cannot be liable under § 17200 for committing 'unlawful

11   business practices' without having violated another law." Ingles v. Westwood One Broadcasting

12   Servs., Inc., 129 Cal.App.4th 1050, 1060 (2005).

13       Dismissal of the Plaintiffs' UCL cause of action predicated on TILA and FDCPA

14   violations are appropriate.  "A court may not allow plaintiff to plead around an absolute bar to

15   relief simply by recasting the cause of action as one for unfair competition." Chabner v. United of

16   Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir.2000); Vega v. JP Morgan Chase Bank, N.A.,

17   2009 U.S. Dist. LEXIS 83763, *29 (E.D. Cal. Aug. 25, 2009).[5]  Since the TILA and FDCPA

18   claims fail, the UCL claim also fails.  See Landayan v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS

19   93308, at*9 (N.D. Cal. Sept. 18, 2009);  Vega, 2009 U.S. Dist. LEXIS 83763 at *29; Rosal v.

20   First Fed. Bank of Cal., 2009 U.S. Dist. LEXIS 60400, *28 (N.D. Cal. July 15, 2009).  As

21   discussed above, since it is unclear whether the TILA and FDCPA claims will be time-barred,

22   dismissal will be with leave to amend.

23       Dismissal is also appropriate as to Plaintiffs' UCL cause of action based on an alleged

24   contract between Plaintiffs and Defendants. Here, Plaintiffs' allegations are conclusory and do not

25   _____

26       [5]Additionally, this claim may be preempted by federal law.  See Vega, 2009 U.S. Dist.
     LEXIS 83763 at *28-29.  However, without additional briefing on the issue, the Court expresses
27   no opinion at this time.

28                                   10

indicate that another law has been violated.  Plaintiffs allege that CHL breached a contract between Plaintiffs and CHL.  This allegation is a legal conclusion that is not supported by any facts.  Plaintiffs have not alleged the existence of a contract between themselves and CHL, the terms of the alleged contract that were breached by CHL or Plaintiffs' harm.

Plaintiffs' UCL claim based on a breach of fiduciary duty also fails as Plaintiffs do not allege that CHL is a fiduciary.  It is well settled that "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature."  Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093, n.1 (Cal. Ct. App. 1991) (citing Price v. Wells Fargo Bank, 213 Cal. App.3d 465, 476-78 (1989)).  A commercial lender is entitled to pursue its own economic interests in a loan transaction.  Nymark, 231 Cal. App.3d at 1093, n.1.  Absent "special circumstances" a loan transaction is "arms-length and there is no fiduciary relationship between the borrower and the lender."  Oaks Management Corp. v. Superior Court, 145 Cal. App.4th 453, 466 (Cal. Ct. App. 2006).  Plaintiffs do not allege a special relationship between CHL and Plaintiffs.  Thus, in the absence of a fiduciary duty owed by CHL, Plaintiffs' UCL claim based on a breach of fiduciary duty claim fails.

Accordingly, CHL's motion to dismiss as to Plaintiffs' UCL cause of action is granted with leave to amend.

**ORDER**

For the reasons stated above, this court:

1. Dismisses with leave to amend, subject to Rule 11(b) requirements, the complaint's TILA rescission, TILA damages; FDCPA and UCL causes of action.

2. ORDERS Plaintiffs to file and serve their amended complaint no later than November 9, 2009.

IT IS SO ORDERED.

Dated:   October 23, 2009              /s/ Anthony W. Ishii
                          CHIEF UNITED STATES DISTRICT JUDGE

11